**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESSEX INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>OLI-CAR INC.; BRANDON MALLICK;<br>BRASS SADDLE, INC., d/b/a/ FILLY<br>CORRAL and EL-DO, INC.<br><br>    Defendants. | CIVIL ACTION NO.  06-127 |

**<u>MEMORANDUM OPINION</u>**

CONTI, District Judge.

   Pending before this court is a motion for judgment on the pleadings filed by plaintiff

Essex Insurance Company ("plaintiff" or "Essex").  In its one count complaint for declaratory

judgment, plaintiff alleges it does not have a duty to defend defendants in connection with

underlying state court actions alleging injuries sustained by defendant Brandon Mallick

("Mallick") as a result of an assault and battery.  Defendants Brandon Mallick and El-Do, Inc.

("defendants") argue that this court should not exercise jurisdiction over this matter and if it

does, there is a duty to defend.  Under the circumstances of this case, plaintiff does not have a

duty to defend defendants in the underlying state court actions.  For the reasons set forth on the

record and in this memorandum opinion, the court will grant plaintiff's motion for judgment on

the pleadings.

*Background*

Plaintiff underwrote a commercial general liability insurance policy (the "insurance policy"), which was issued to defendant Oli-Car Inc.  The insurance policy provided insurance coverage of $1,000,000 per occurrence and $1,000,000 in the aggregate.  The insurance policy also contained certain exclusions which precluded coverage for a number of claims.  Specifically, the insurance policy contained an exclusion related to claims for assault or battery (the "assault and battery exclusion").  The assault and battery exclusion provided in pertinent part:

> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of *assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts*, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.  Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision.  Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.

(Pl.'s Br. Ex. 1 (A))(emphasis added).  The insurance policy also contained identical language in an exclusion related to the Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement.

Defendant Brandon Mallick ("Mallick") filed two complaints in state court which have been consolidated.  The first complaint was filed against Brass Saddle, Inc. and El-Do, Inc., entities from whom Oli-Car, Inc. leased the premises on which Mallick was injured.  The second complaint was filed on September 20, 2005, against Oli-Car, Inc.  In the complaints Mallick alleged he was injured as a result of an "assault and battery" that occurred in the parking lot of the premises leased by Oli-Car, Inc.  Mallick claimed that following an evening at defendant's gentlemen's club, he was attacked by an unknown assailant.  Specifically, Mallick alleged that:

> 9.  Upon entering his vehicle situated on Defendant's premises, Plaintiff was approached by an unknown assailant who had been present on the premises for an

extended period of time prior thereto, and who had been openly and dangerously harassing other lawful invitees of the establishment.

10.  The unknown assailant punched through the window of plaintiff's vehicle, which was located in Defendant's parking lot, causing the Plaintiff to suffer severe injuries.  The unknown assailant then proceeded to violently assault and beat the Plaintiff by punching and otherwise striking Plaintiff, causing the Plaintiff to suffer severe injuries.

(Pl.'s Br. Ex. 1 (B).)  As a result of the attack, Mallick alleged that he suffered serious injuries and sought monetary damages.

In its motion for judgment on the pleadings, plaintiff argues that the insurance policy at issue precludes coverages for the assault and battery and any "act or omission in connection with the prevention or suppression of such acts."  (Pl.'s Br. Ex. 1 (A).)  Plaintiff argues that the clear language of the exclusion is unambiguous and excludes coverage for the actions that are the subject of the underlying state court complaint.  Plaintiff requests a declaratory judgment in its favor confirming that it does not have a duty to defend the underlying state court defendants.  Defendants argue that this court should not exercise jurisdiction over this declaratory judgement action because there is unsettled state law in issue.[1]  Next, defendants argue that Pennsylvania courts have held that an insurer cannot be absolved of its duty to defend its insured where an underlying state court complaint contains allegations sounding in negligence.

On August 15, 2007 and August 16, 2007, the court held hearings on the plaintiff's motion for judgment on the pleadings.  As set forth more fully on the record, the court chose to exercise jurisdiction over this matter because there is no unsettled state law in issue.  Further, the

---

[1]Defendants' briefing associated with the motion for judgment on the pleadings was only filed by defendant Mallick.  During the August 15, 2007 hearing, defendant El-Do, Inc. joined in the arguments set forth by Mallick.  (Tr. of Aug. 15, 2007 Hr'g at 8-9.)  The parties further indicated that default judgment has been entered against defendants Oli-Car, Inc. and Filly Corral in this matter as those entities failed to answer the complaint.  (Id. at 29.)

3

court held that plaintiff's motion for judgment on the pleadings would be granted because the insurance policy at issue excludes coverage for bodily injury sustained as a result of an assault and battery and any act or <u>omission in connection with the prevention</u> or suppression <u>of an assault or battery</u>.

### *Standard of Review*

A motion for judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." <u>Society Hill Civic Ass'n v. Harris</u>, 632 F.2d 1045 (3d Cir.1980). When reviewing a motion for judgment on the pleadings, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." <u>Id.</u>

### *Discussion*

### I.     **Declaratory Judgment Act**

Plaintiff commenced this civil action seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . .  any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  District courts have broad discretion for abstention when entertaining claims for declaratory judgment. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282, 286 (1995).

"Thus, courts are permitted to avoid gratuitous interference with state court matters by abstaining from claims for declaratory judgment, specifically if the state court proceedings would address 'the same issues, not governed by federal law, between the same parties.'" Marshall v. Lauriault, 372 F.3d 175, 183-84 (3d Cir. 2004) (citing Wilton, 515 U.S. at 282).  Therefore, if the federal court believes that the state law questions in controversy between the parties are better suited for resolution in state court, then the federal court may properly abstain from deciding a declaratory judgment claim.  Id.

In State Auto Ins. Companies v. Summy, 234 F.3d 131, 134 (3d Cir. 2000) the United States Court of Appeals for the Third Circuit discussed factors district courts should consider when deciding whether to hear declaratory judgment actions involving insurance coverage issues:

> For cases . . . where district courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, we have suggested relevant considerations:
> 1. A general policy of restraint when the same issues are pending in a state court;
>
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>
> 3. Avoidance of duplicative litigation.

Id. (citations omitted).  The court of appeals in Summy further clarified that, in such cases:

> These precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled. . . . A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation. See [Mitcheson v. Harris, 955 F.2d 235 (4th Cir.1992)] at 239 (noting that "the prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof."). Moreover, district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it. This is

> especially important in insurance coverage cases, although we do
> not mean to confine its relevance to that category.

Id. at 135.

In this case, plaintiff seeks a declaratory judgment to the effect that Essex does not have a duty to defend and indemnify the state court defendants under the insurance policy. Plaintiff asserts that Mallick's injuries resulted from a assault and battery perpetrated by an unknown assailant. Plaintiff further argues that the assault and battery or any acts or omissions in connection with the prevention or suppression of an assault and battery are excluded. Defendants argue that this court should not exercise jurisdiction over this action because there is an unresolved state law issue. As set forth more fully on the record, the court found that there is no unsettled state law issue in this case.

In reaching its decision to exercise jurisdiction, the court considered Donegal Mutual Insurance Co. v. Baumhammers, 893 A.2d 797 (Pa.Super.Ct. 2006), QBE Insurance Corp. v. M&S Landis Corp., 915 A.2d 1222 (Pa.Super.Ct. 2007) and Alea London Limited v. El Pailon, Inc., No. 05-4902, 2007 WL 789304 (E.D. Pa. Mar.13, 2007). As set forth in detail on the record, the court distinguished each of the factual circumstances of those decisions. The court found that the pending appeals in Baumhammers and QBE Insurance had no effect on the issues presented here. The court relied on Acceptance Ins. Co. v. Seybert, 757 A.2d 380 (Pa.Super.Ct. 2000), in finding that the issues present here were previously addressed by the Superior Court of Pennsylvania. In so finding, the court reasoned that there is no issue of unsettled law and exercised its discretion to consider the issues before it. Thereafter, the court considered the briefing and arguments of counsel related to whether Essex has a duty to defend the state court defendants in the state court actions.

6

II.      **Duty to Defend; Duty to Indemnify under Pennsylvania Law**

It is undisputed that the law of the Commonwealth of Pennsylvania applies to this civil

action.  Under Pennsylvania law, an insurer has a duty to defend if the complaint filed by the

injured party potentially comes within the policy's coverage.  Sikirica v. Nationwide Ins. Co.,

416 F.3d 214, 225 (3d Cir. 2005) (citing Pacific Indem. Co. v. Linn, 766 F.2d 754, 760 (3d

Cir.1985)).   The duty to defend is a distinct obligation from the duty to indemnify, and is a

broader obligation than the duty to indemnify.  Id. (citing Erie Ins. Exch. v. Muff, 851 A.2d 919,

925 (Pa. Super. Ct. 2004); Atl. Mut. Ins. Co. v. Brotech Corp., 857 F.Supp. 423 (E.D.Pa.1994),

aff'd, 60 F.3d 813 (3d Cir.1995)).  "Because the duty to defend is broader than the duty to

indemnify, there is no duty to indemnify if there is no duty to defend."  Id. at 225-26 (citing Mut.

Benefit Ins. Co. v. Haver, 725 A.2d 743, 746 n.1 (Pa. 1999); Erie Ins. Exch. v. Claypoole, 673

A.2d 348, 356 n.3 (Pa. Super. Ct. 1996)).

"After determining the scope of coverage under a policy, the court must examine the

complaint in the underlying action to determine whether it triggers coverage."  Id. at 226 (citing

Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997)).  If the underlying

complaint avers facts that might support recovery under the policy, coverage is triggered and the

insurer has a duty to defend.  Id.; see Haver, 725 A.2d at 745-46 ("[T]he particular cause of

action that a complainant pleads is not determinative of whether coverage has been triggered.

Instead it is necessary to look at the factual allegations contained in the complaint.") (citing

Scopel v. Donegal Mutual Insurance Co., 698 A.2d 602 (Pa. Super. Ct. 1997); Aetna Casualty

and Surety Co. v. Roe, 650 A.2d 94, 98 (Pa. Super. Ct. 1994)).  "Both the duty to defend and the

duty to indemnify 'flow from a determination that the complaint triggers coverage.'" Sikirica, 416 F.3d at 226 (quoting  Allen, 692 A.2d at 1095).

Moreover, "[t]he courts of Pennsylvania have refused to require an insurer to defend an insured for his own intentional torts and/or criminal acts." Federal Ins. Co. v. Potamkin, 961 F.Supp. 109, 113 (E.D.Pa. 1997) (citing Germantown Ins. Co. v. Martin, 595 A.2d 1172, 1175 (Pa.Super.Ct. 1991)); see Agora Syndicate, Inc. v. Levin, 977 F.Supp. 713, 716 (E.D.Pa. 1997); Britamco Underwriters, Inc. v. Stokes, 881 F.Supp. 196 (E.D.Pa. 1995).  Courts have held that requiring insurance companies to defend insureds for intentional torts or criminal acts would violate public policy.  See, e.g., Potamkin, 961 F.Supp. at 113.

## III.    Interpreting Insurance Contracts under Pennsylvania Law

"The basic principles of law governing insurance policy interpretation are well-settled in Pennsylvania." Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 171 (3d Cir. 2006) (citing  E. Associated Coal Corp. v. Aetna Cas. & Surety Co., 632 F.2d 1068, 1075 (3d Cir.1980)).  "The goal of interpreting an insurance policy, like the goal of interpreting any other contract, is to determine the intent of the parties." Id.  "It begins where it must – the language of the policy." Id.  (citing Madison Const. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999) ("The polestar of our inquiry . . . is the language of the insurance policy.")).

Under Pennsylvania law, the interpretation of an insurance contract is a matter of law for the court.  Lexington Ins. v. Western Penn. Hosp., 423 F.3d 318, 323 (3d Cir. 2005).  Where the language of the insurance contract is clear and unambiguous, a court is required to give effect to that language; where, however, a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement.  Lexington Ins., 423 F.3d at 323 (quoting Gene & Harvey Builders, Inc. v. Pennsylvania Mfrs.' Ass'n, Ins.

<u>Co.</u>, 517 A.2d 910, 913 (Pa. 1986)).  "Contractual language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" <u>Regents of Mercersburg College</u>, 458 F.3d at 172 (quoting <u>Hutchison v. Sunbeam Coal Co.</u>, 519 A.2d 385, 390 (Pa. 1986); citing <u>Madison Constr. Co.</u>, 735 A.2d at 106)); <u>Lexington Ins.</u>, 423 F.3d at 323 (quoting <u>Hutchinson</u>, 519 A.2d at 390).  "Courts should not, however, distort the meaning of the language or strain to find an ambiguity."  <u>Id</u>. (citing <u>Steuart v. McChesney</u>, 444 A.2d 659, 663 (Pa. 1982)); <u>see</u> <u>USX Corp. v. Liberty Mutual Ins. Co.</u>, 444 F.3d 192, 198 (3d Cir. 2006) ("[I]n Pennsylvania, and no doubt elsewhere, '[c]lear policy language . . . is to be given effect, and courts should not torture the language to create ambiguities but should read the policy provisions to avoid it.'") (quoting <u>Selko v. Home Ins. Co.</u>, 139 F.3d 146, 152 n.3 (3d Cir. 1998)).

Here, the parties contest whether the assault and battery exclusion applies to the facts presented in Mallick's underlying state court complaints.  In finding for the plaintiff, the court reviewed the factual allegations set forth in the complaints. Those allegations contain facts relating only to an assault and battery and omissions in connection with the prevention of the assault and battery.  Therefore, the face of the complaint showed the assault and battery exclusion was applicable.  In <u>Seybert</u>, a decision factually similar to the instant matter, the Superior Court of Pennsylvania considered language nearly identical to the assault and battery exclusion at issue here and found there was no duty to defend.  As set forth more fully on the record, the court found that based upon the clear language of the assault and battery exclusion, the conduct outlined in the underlying state court complaints is excluded from coverage under the insurance policy.  Accordingly, viewing the facts presented in the pleadings and the inferences drawn from them in the light most favorable to defendants, the court found that no material issue of fact remains to be resolved and plaintiff is entitled to judgment as a matter of law.

**AND NOW**, on this 18th day of September, 2007, upon consideration of plaintiff's motion for judgment on the pleadings (Docket No. 43) and argument of counsel, **IT IS ORDERED** that the motion for judgment on the pleadings filed by plaintiff Essex Insurance Company (Docket No. 43) is **GRANTED WITH PREJUDICE.  IT IS FURTHER ORDERED** that judgment shall be entered in favor of the plaintiff, Essex Insurance Company, and against defendants, Brandon Mallick and El-Do, Inc.  This case shall be marked closed by the clerk of courts.

By the court:


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc:     Counsel of Record

10